## GILMER v. FIDELITY & CASUALTY CO. OF NEW YORK.

### No. 5659.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1938.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

Geo. T. McSween, of Shreveport, for appellee.

TALIAFERRO, Judge.

Defendant, carrier of compensation insurance for Brown & Root, Inc., plaintiff's employer, appealed from a judgment in plaintiff's favor which awarded him 26-weeks' additional compensation at the rate of $13 per week.

We are favored with a "Memorandum Opinion" of the trial judge, with brief reasons for judgment, which we have carefully read, after our own study of the evidence in the case. The note of evidence is refreshingly brief—far below the average for cases of this character. We here quote the court's opinion:

"Plaintiff sues to recover compensation for permanent total disability resulting from an injury to his left hand and wrist on June 19, 1936, while engaged in the performance of his duties as an employee of Brown and Root, Inc., for whom defendant is the insurer. It is alleged, and admitted, that defendant had paid plaintiff compensation for a period of fifty-two weeks, from date of injury through June 18, 1937, together with medical expense of $52.50. The answer further alleges that plaintiff had recovered and was not entitled to further compensation. The suit was filed September 8, 1937.

"Plaintiff testified that he had attempted to work since receiving the injury but that in using the left hand it would pain him to such an extent that he was unable to work. During the trial of the case, plaintiff did not use the injured member and throughout the trial carried the left hand close to the body and allowed it to rest in his lap while sitting

and instead of moving that hand by itself, moved same with his right hand.

"Dr. Cassidy, for plaintiff, testified that plaintiff apparently had pain in the hand; that he thought there was some arthritis in the wrist joint and had recommended an x-ray picture but none had been furnished; that in his opinion the plaintiff was unable to work, but he thought the condition would clear up in three months—that the 'use' of the member was the treatment recommended for the injury received.

"Dr. Harmon testified that he examined plaintiff in March and June, 1937, and on neither examination could he find injury that prevented plaintiff from working.

"Dr. Garrett testified that plaintiff's injury was in the nature of a sprain and that the use of the member would correct the matter and estimated that if this was done, plaintiff would be all right in two weeks.

"Dr. Harwell, radiologist, made an x-ray of the injured member and found no injury to the bones, and this is apparent from the x-ray filed in evidence.

"Dr. LeDoux, to whom plaintiff was sent at the time of the injury and who had treated him continuously since that time, which treatment consisted principally of advice as to how to cure the injury, testified that there was no bone injury and he believed that plaintiff should be able to work without pain, but he had not 'discharged' him as being able to return to work.

"The last four named doctors testified on behalf of defendant.

"Dr. Cassidy testified that plaintiff's 'grip' in the left hand was more than 50% less than normal. The Court tested plaintiff and finds that plaintiff could not exert very great strength with the left hand and that he had difficulty in clasping hands with the Court.

"There is no question but that the plaintiff received an injury to the hand and wrist; that he was paid compensation for a year; that the doctor under whose care he had been placed had not discharged him as able to go to work when defendant ceased making compensation payments and taking all of the facts and circumstances into consideration, the Court is of the opinion that such payments ceased prematurely.

"The medical expert for the plaintiff says that he should be all right in three to six months; and one of the witnesses for defendant says that plaintiff should recover in two weeks if he would use the hand, which is about the only guide to the Court in fixing the amount of compensation that should be paid. The case was tried on October 6, 1937, when the above testimony was given. Therefore, the Court, under Sec. 8, subparagraph 8, of the Workmen's Compensation Act, concludes that the probable duration of plaintiff's disability will be twenty-six weeks from and after June 18, 1937, for which he is allowed compensation at $13.00 per week.

"The fees of the medical experts are fixed at $25.00 each.
"October 16, 1937.

Robt. J. O'Neal, Judge."

This opinion gives due weight to plaintiff's contentions and the testimony adduced to support same, and, at same time, does not entirely reject the testimonial proof on behalf of defendant. There is some lay testimony in the record which additionally supports plaintiff's contention that his hand and wrist swell when used in carpenter work, his vocation.

Our study of the case does not convince us that the trial judge erred in weighing the evidence which he heard from the witnesses. He was benefited by personal observation of plaintiff during the trial. Certainly manifest error has not been made in disposing of the case. Such should appear to warrant reversal of the court's findings.

Plaintiff has not answered the appeal. Therefore, we cannot give consideration to his plea for increase in the term for compensation payments, urged only in brief, even should we perceive merit therein; and we do not.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.